Gheen, J.,
delivered the opinion of the court.
This is an action of ejectment, and the only question made here is, as to the correctness of the charge of the circuit court in relation to the question, whether the grant under which the plaintiff below claims, covers the land in dispute.
The plaintiff’s grant depended upon Gilpatrick’s grant for which it calls, and Gilpatrick’s grant calls for Fisk’s grant, and the latter grant calls to begin on the south-east corner of Fentress county line. Such is the form of Fentress county, as .appears by a plat thereof exhibited in this cause, that properly speaking, there is no south-east corner, but a survey of the said grant, beginning on a corner of the county that the witnesses say, is more properly the south-west corner of the county, will conduct the surveyor to all the other objects called for in the grant under which the plaintiff below claimed by mere conveyance, such as the Clear Fork and Hurricane Creek, together with the trees and other objects called for.
It is manifest from the plat exhibited in this record, and from the proof in the cause, that unless Fisk’s grant shall be *312 gin at the point claimed, there would be utter repugnance between the call for the head of the Clear Fork, and for Hurricane creek, and the call for Gilpatrick’s grant, which calls for Fisk’s, and which later calls for the south-east corner of Fen-tress county. All the other calls of the grant correspond with the objects on the ground, if Fisk’s survey shall begin on the corner of the county of Fentress, called by some of the witnesses, the south-west corner. It is perfectly clear therefore, that in point of fact, the survey of the plaintiff's grant was actually made at the place claimed, and does include the land in dispute.
The calls of a grant, serve as a description of the land, by which we are able to ascertain its precise locality. If those calls harmonize, and all correspond with the objects on the ground, the description is perfect. But it often happens that mistakes occur, and that one or more of the calls of a grant, are repugnant to the other calls. When this shall occur, the dictate of common sense, (and such is the rule of law,) is, to hold that directory calls, and calls for course and distance, yield to locative calls, and calls for natural objects and marked trees. The principle is, that the calls which are most certain, about which there is less probability of mistake or inaccuracy are to prevail. For as a great judge has said, “a grant shall not perish, if we can spell out its meaning.” The grantee is entitled to his land, if we can ascertain its locality. And this we may do, with reasonable certainty, though some of the calls of the grant are repugnant.
In the case before us, taking it for granted that the corner of Fentress county in question, may more properly be regarded as a south-west corner, still, there are so many calls corresponding with natural objects and marked trees, that there can be no doubt, but that the land in dispute is that which was actually surveyed for the plaintiff’s grant. In surveying *313 Fisk’s entry, a mistake was made of south-east, instead of south-west.
The circuit court did not, therefore, err, in telling the jury that if, from the calls of the grant they were satisfyed as to the land actually surveyed for the plaintiff’s grant, he was entitled to it at the place so surveyed; and that the call in Fisk’s grant for the south-east corner of Fentress county, might be regarded as a mistake. Peyton vs. Dixon, Pecks R. 148; Cherry vs. Slade, 3 Hum. R. 82; Martin & Yer. R. 67; 2 Yer. R. 55.
Affirm the judgment.